**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re :                                                                                            Case No. **6:20-bk-00651-KSJ**
                                                                                                          Chapter 7
**Raymond Tang**,

                            Debtor(s).
_____/

**TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE**

      Trustee, Emerson C. Noble, by and through his undersigned counsel ("Special Counsel"), moves this Court for an Order requiring Debtor, Ramond Tang ("Debtor"), to turnover property of the estate and in support of this Motion, states as follows :

---

NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

 Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 30 days from the date set forth on the attached proof of service, plus an additional 3 days for service if any party was served by U. S. Mail. You should read these papers carefully and discuss them with your attorney, if you have one.  If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified or eliminated.

If you object to the relief requested in this paper, you must file a response with the Clerk, U.S. Bankruptcy Court, 400 W. Washington St., Ste. 5100, Orlando, FL 32801, and serve a copy on U. S. Trustee, 400 W. Washington St., Ste. 1100, Orlando, FL 32801, and on Emerson C. Noble, Trustee, Post Office Box 622798, Oviedo, FL 32762-2798; Kristen L. Henkel, Esq., 3560 S. Magnolia Ave., Orlando, FL 32806, and any other appropriate persons within the time allowed.  If you file and serve a response within the time permitted, the Court will either schedule a hearing and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice and hearing, and may grant the relief requested.

---

1. Debtor filed a Chapter 7 bankruptcy petition on February 3, 2020.

2. Debtor scheduled a 100% ownership interest in real property ("Property") more particularly described as follows:

**Lot 5 and the South 4.0 feet of Lot 10, BRIGHTON PLACE, according to the plat thereof as recorded in Plat Book 4, Page 192, of the Public Records of Osceola County, Florida.**

**Parcel ID # R252529-263100010050**
**a/k/a 1855 Cavalier Ct., Kissimmee, FL 34744**

3. Debtor did not exempt the Property on Schedule C. Furthermore, Debtor indicated his intent to surrender the Property on his Statement of Intention. Therefore, by operation of law, the Property is part the bankruptcy estate pursuant to 11 U.S.C. §541(a).

4. Debtor's schedules reflect the Property is encumbered by the mortgage of Wells Fargo Bank ("Secured Creditor").

5. Secured Creditor obtained an Order (docket no. 25) granting their motion for relief from stay effective August 17, 2020.

6. At the Chapter 7 §341 meeting held on March 11, 2020, the Trustee discussed his intent to market the property for short sale, the process, and the necessity of the Debtor's cooperation with the estate's realtor. Debtor was instructed to allow estate's realtor access to the property in order to conduct a valuation necessary to list the property for sale.

7. Debtor completed a property profile report, supplied by Special Counsel, and provided supporting documents. However, as of this date, Debtor has not responded to repeated attempts by the estate's realtor to make an appointment to conduct the valuation.

8. Trustee and Special Counsel notified Counsel for Debtor on numerous occasions of Debtor's lack of cooperation, but such notifications have not resulted in satisfactory arrangements.

9. Debtor continues to occupy the Property and deny access to estate's realtor.

WHEREFORE Trustee requests entry of an Order, pursuant to 11 U.S.C. §542(a), directing the Debtor to vacate and turn over the property within ten (10) days of entry of an Order granting this Motion.

Dated June 5, 2020.

*/s/ Kristen L. Henkel*
Kristen L. Henkel, Esq.
Florida Bar No. 81858
M. E. Henkel, P.A.
3560 South Magnolia Avenue
Orlando, Florida 32806
Telephone : (407) 438-6738
Facsimile : (407) 858-9466
khenkel@mehenkel.com

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Turnover has been sent by United States Mail, first class, postage pre-paid, or by electronic delivery to: Raymond Tang, 1855 Cavalier Court, Kissimmee, FL 34744, *Debtor(s)*; A. Clifton Black, Attorney at Law, 100 North John Young Parkway, Suite B, Kissimmee, FL 34741, *Debtor(s)' Attorney;* Office of the Assistant United States Trustee, 400 W. Washington St., Ste. 1100, Orlando, Florida 32801, on June 5, 2020.

                                              */s/ Kristen L. Henkel*
                                              Kristen L. Henkel, Esq.